IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES E. TURNER,                              No. CIV S-06-0207-FCD-CMK-P

    Plaintiff,

  vs.                                                    ORDER

ROD HICKMAN, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion for a stay of these proceedings (Doc. 23).  Also pending are several requests for judicial notice (Docs. 34, 35, and 36) filed by plaintiff as well as plaintiff's motion to compel (Doc. 30).  Defendants have filed an opposition to plaintiff's motion to compel.  Plaintiff's motion for a temporary restraining order (Doc. 31) will be addressed by separate findings and recommendations.

        In this civil rights action, plaintiff asserts violations under the Establishment Claims of the First Amendment.  In particular, plaintiff claims that he has been improperly denied parole based solely on his refusal to participate in Narcotics Anonymous.  In their motion for a stay of these proceedings, defendants state that, on December 5, 2006, plaintiff appeared at

1 a subsequent parole hearing which resulted in a recommendation by the Parole Board that
2 plaintiff be granted parole.

3       Defendants argue that a stay of proceedings was appropriate pending review by
4 the Governor of the State of California.  Based on defendants' counsel's representation, the
5 governor has decided not to intervene in the Parole Board's decision.  For this reason,
6 defendants' motion for a stay of proceedings is now moot.  Defendants will be granted an
7 extension of time to file a response to the complaint.  In addition, as defendants note in their
8 opposition, plaintiff never served <u>formal</u> discovery requests under the Federal Rules of Civil
9 Procedure.  For this additional reason, plaintiff's motion to compel is premature.

10       As to plaintiff's motion to compel (Doc. 30), plaintiff states that he attempted
11 informal discovery in February 2007 but that defendants have employed "delaying tactics" to
12 thwart his request.  Initially, the court notes that this case is not yet at issue and that discovery
13 has not been opened.  For this reason alone, plaintiff's motion to compel is premature.

14       With respect to plaintiff's requests for judicial notice, his first such request (Doc.
15 34) relates to newspaper articles covering overcrowding in California's prisons.  Because
16 overcrowding is not the subject of this lawsuit, the court declines to take judicial notice of the
17 articles.  The second request (Doc. 35) relates to newspaper articles covering the governor's
18 parole decisions.  Because plaintiff has been granted parole, this request is not relevant.  The
19 third request for judicial notice (Doc. 36) relates to plaintiff's motion to compel.  Specifically,
20 plaintiff seeks judicial notice of prison mail logs documenting when he served informal
21 discovery requests on defendants.  As discussed above, there is no live discovery dispute in this
22 case.  Therefore, there is no need for the court to take judicial notice of the documents outlined
23 in plaintiff's third request.
24 / / /
25 / / /
26 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for a stay of these proceedings (Doc. 23) is denied as moot;

2. Defendants shall file a response to plaintiff's complaint within 30 days of the date of this order;

3. Plaintiff's requests for judicial notice (Docs. 34, 35, and 36) are denied; and

4. Plaintiff's motion to compel (Doc. 30) is denied.

DATED: May 23, 2007.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE