1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  CHARLES E. TURNER,                     No. CIV S-06-0207-FCD-CMK-P

12              Plaintiff,

13        vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14  ROD HICKMAN, et al.,

15              Defendants.

16  _____/

17              Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action

18  pursuant to 42 U.S.C. § 1983.[1]  Pending before the court is defendants' motion to dismiss (Doc.

19  38), filed on June 22, 2007.  Plaintiff has not filed an opposition.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  _____

26        [1]     Plaintiff has been released from prison on parole but has not notified the court of
    his new address.

                                        1

## I.  BACKGROUND

In this civil rights action, plaintiff challenges the 2005 denial of parole.  Plaintiff summarizes the nature of his suit as follows:

> This case is about the persistent pattern, failure of the California Board of Prison Terms . . . to apply **only constitutional criteria**, that has been legal approved and adopted pursuant to the California Government Administrative Procedures Act . . . when determining plaintiff's eligibility for parole.
>
> And this case is also about the persistent pattern of psychological retaliation which has chilling effects from the amount of pressure and "coercion" repeatedly since 1997 to 2005 on plaintiff and possibly "third parties constitutionally protected United States First Amendment rights" and their freedom of speech and freedom to petition the government without fear of retaliation and irreparable harm.  (emphasis in original).

Plaintiff seeks:  (1) preliminary and permanent injunctions precluding defendants from "coercing" participation in Narcotics Anonymous or Alcoholics Anonymous as a pre-condition for release on parole; (2) "mandatory future oversight" of prison authorities; and (3) unspecified monetary damages for future emotional distress resulting from continued "coercion."  On initial screening, the court concluded that this action appeared to state cognizable claims pursuant to Wilkinson v. Dotson, 544 U.S. 74 (2005), and ordered service on defendants.

## II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true and must construe them in the light most favorable to the plaintiff.  See Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

1   All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v.

2   McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than

3   those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

4          To determine whether a complaint states a claim upon which relief can be granted,

5   the court generally may not consider materials outside the complaint and pleadings.  See Cooper

6   v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.

7   1994).  The court may, however, consider: (1) documents whose contents are alleged in or

8   attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454;

9   (2) documents whose authenticity is not in question, and upon which the complaint necessarily

10  lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668,

11  688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice,

12  see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson

13  v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

14         Leave to amend a deficient complaint must be granted ". . . [u]nless it is

15  absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corrections, 66 F.3d

16  245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir.

17  2000) (en banc).

18

19                            **III.  DISCUSSION**

20         In their motion to dismiss, defendants argue, among other things:  (1) plaintiff's

21  claims for injunctive relief are now moot because he has been released from prison on parole;

22  and (2) plaintiff cannot recover on any claim for monetary damages for future emotional distress

23  absent a showing of actual physical injury.

24  / / /

25  / / /

26  / / /

### A.      Claims for Injunctive Relief

It is undisputed that plaintiff was released from prison on parole on May 5, 2007. As defendants correctly observe, plaintiff's suit challenging parole procedures is mooted by his release.  See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); see also Spencer v. Kemna, 523 U.S. 1 (1998).  Because this action involves an individual's claim – and not a class action – the mootness doctrine is not rendered inapplicable because the claimed wrong is capable of repetition but evades review.  See Weinstein, 423 U.S. at 149.   The only exception would be if there was a reasonable expectation that plaintiff would be subjected to the same alleged wrong again in the future.  See id.  The mere possibility that plaintiff may be apprehended in the future does not meet this requirement.  See Spencer, 523 U.S. at 15.

Because plaintiff's claims for injunctive relief have been mooted by his release from prison on May 5, 2007, the court agrees with defendants that such claims should be dismissed.

### B.      Claims for Monetary Damages

Notwithstanding the fact that plaintiff's claim for monetary damages for future emotional distress is entirely speculative, the Prison Litigation Reform Act bars recovery for emotional damages absent a showing of actual physical injury.  See 42 U.S.C. § 1997e(e).  Thus, claims for emotional distress damages require a prior showing of physical injury that need not be significant, but must be more than de minimus.  See Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).  Because plaintiff has not alleged any kind of physical injury, he cannot make this showing.  Therefore, the court also agrees with defendants that plaintiff's claims for monetary damages should be dismissed.

/ / /

/ / /

/ / /

/ / /

**IV.  CONCLUSION**

Based on the foregoing, the undersigned recommends that:

1.      Defendants' motion to dismiss be granted; and

2.      This action be dismissed in its entirety, with prejudice, and that all other

pending motions be denied as moot.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

after being served with these findings and recommendations, any party may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Failure to file objections within the specified time may waive

the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:   August 16, 2007.



CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE